UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THOMAS A. MOORE,                          )   Civil No. 09cv00767 BEN(RBB)
                                          )
                Plaintiff,                )   **REPORT AND RECOMMENDATION**
                                          )   **GRANTING DEFENDANTS' MOTION TO**
v.                                        )   **DISMISS PLAINTIFF'S FIRST**
                                          )   **AMENDED COMPLAINT [ECF NO. 30]**
DEBRA LACY; PAULA M. JARNECKE;            )
ROBERT F. MCFADDEN; R.D. WOODS;           )
VILLASENOR,                               )
                                          )
                Defendants.               )
_____  )

     Defendants Debra A. Lacy, Paula M. Jarnecke, Robert F.
McFadden, R. D. Woods, and Villasenor filed their Motion to Dismiss
This Action.  (Mot. Dismiss, ECF No. 30.)  Plaintiff Thomas A.
Moore has not filed an opposition to the Motion.

## I.  PROCEDURAL BACKGROUND

     Plaintiff Thomas A. Moore, a former federal inmate proceeding
pro se and in forma pauperis, filed this civil rights action on
April 13, 2009, pursuant to Bivens v. Six Unknown Named Fed.
Narcotics Agents, 403 U.S. 388 (1971) [ECF Nos. 1, 5].  On July 16,
2009, the Court sua sponte dismissed the Complaint without
prejudice for failure to state a claim but granted Plaintiff leave

to amend [ECF No. 5].  Moore then filed a motion requesting an extension of time to amend his Complaint, which the Court granted on August 6, 2009, giving him until October 19, 2009, to amend [ECF Nos. 8, 9].  On August 17, 2009, Plaintiff filed a notice of change of address [ECF No. 10].

Moore's First Amended Complaint was filed nunc pro tunc to October 26, 2009 [ECF Nos. 11, 12].  Plaintiff alleges that his constitutional rights were violated when he was incarcerated at Metropolitan Correctional Institution in San Diego.  (Am. Compl. 1, ECF No. 12.)  In count one of the Amended Complaint, Moore contends his rights to be free from cruel and unusual punishment and to receive adequate medical care were violated when prison officials failed to properly treat cuts and sores in his mouth.  (Id. at 2-4.)  In count two, Plaintiff asserts Defendants' actions amounted to a deliberate indifference to his serious medical needs.  (Id. at 4-5.)

Summonses were returned unexecuted for Defendants McFadden, Woods, and Jarnecke, but were returned executed for Defendants Villasenor and Lacy [ECF Nos. 15, 16, 17, 18, 19].  On February 5, 2010, all five Defendants filed a Notice of Failure to Complete Service on any Defendant [ECF No. 20].  Defendants subsequently filed a Notice of Plaintiff's Non-Compliance With Civ. L.R. 83.11.b, failure to provide the Court with a current address [ECF No. 21].  On June 2, 2010, this Court ordered that a telephonic case management conference be held on July 1, 2010; the Clerk of Court mailed the order to Plaintiff's last known address, but it was returned undelivered [ECF Nos. 23, 24].  Defendants filed a Notice of Returned Mail, indicating that the order setting the

conference had not been delivered [ECF No. 25].  Moore did not participate in the case management conference [ECF No. 26, 28]. The Court's Case Management Conference Order set another telephonic conference for December 2, 2010.  (Case Mgmt. Conference Order 3, July 1, 2010, ECF No. 27.)  The corresponding minute order and order regulating discovery were mailed to Plaintiff; they, too, were returned to the clerk as undeliverable [ECF No. 29].

On July 27, 2010, all named Defendants filed this Motion to Dismiss [ECF No. 30].  The motion hearing was originally set for September 13, 2010, before United States District Court Judge Roger Benitez [see ECF No. 3].  It was vacated and reset for the same day before this Court [ECF No. 31].  The minute order reflecting this change was mailed to Plaintiff, but it was returned as undeliverable as well [ECF No. 32].

On August 27, 2010, the Court found Defendants' Motion suitable for decision without oral argument, pursuant to Southern District of California Civil Local Rule 7.1(d)(1) [ECF No. 33]. Moore did not file an opposition to the Motion, and on September 1, 2010, Defendants filed a notice that they had not received any opposition to their Motion [ECF No. 34].  Defendants subsequently flied an Ex Parte Request to Vacate All Discovery Dates [ECF No. 35].  The Court granted Defendants' request, vacating all discovery dates and converting the December 2, 2010 telephonic settlement conference to a telephonic status conference [ECF No. 36].  On December 2, 2010, the Court held a telephonic conference with counsel for Defendants; Plaintiff again did not participate. (Mins. Dec. 2, 2010, ECF No. 37.)

**II.   DEFENDANTS' MOTION TO DISMISS**

Defendants Lacy, Jarnecke, McFadden, Woods, and Villasenor move to dismiss the First Amended Complaint for Plaintiff's failure to prosecute.  (Mot. Dismiss Attach. #1 Mem. P. & A. 1, ECF No. 30.)  In support of their Motion, they argue that Moore has failed to pursue this action because (1) Plaintiff did not appear at the case management conference, (2) he terminated communication with the Court by failing to provide a current mailing address, and (3) Moore has not properly served any Defendant in accordance with Federal Rule of Civil Procedure 4.  (Id.)  Defendants urge the Court to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 41(b).  (Id. at 9.)

Although Civil Local Rule 7.1(f)(3)(c) provides that failure to oppose a motion may constitute consent to granting it, this Court will evaluate the merits of Defendants' Motion to Dismiss. See S.D. Cal. Civ. L.R. 7.1(8)(3)(c).  The Court has reviewed the Amended Complaint, Defendants' Motion and attachments, and Defendants' Notice of Non-Receipt of any Opposition to the Motion to Dismiss this Action and attachment.  For the reasons set forth below, the district court should **GRANT** Defendants' Motion to Dismiss.

**III.   DISCUSSION**

**A.   Failure to Attend Conferences**

Defendants' Motion was filed on July 27, 2010.  Consequently, it only addresses Moore's failure to attend the July 1, 2010 case management conference.  (See Mot. Dismiss Attach. #1 Mem. P. & A. 1-5, ECF No. 30.)  Where appropriate, the Court will also refer to Plaintiff's failure to attend the December 2, 2010 telephonic

1  conference.  (See Mins., Dec. 2, 2010, ECF No. 37.)

2       On June 2, 2010, the Court scheduled a telephonic case
3  management conference for July 1, 2010, and ordered that defense
4  counsel make arrangements for Plaintiff, who was in custody at the
5  time, to appear telephonically. (Case Mgmt. Conference Order 1,
6  ECF No. 23.)  The order was returned to the clerk undelivered, and
7  Moore was not a party to the July telephonic conference.  (Mail
8  Returned Undeliverable Case Mgmt. Conference Order, ECF No. 24;
9  Case Mgmt. Conference Order 1, ECF No. 27.)  The Court noted in its
10 scheduling order that Plaintiff did not appear and set another
11 telephonic conference for December 2, 2010.  (Am. Case Mgmt.
12 Conference Order 1, 3, ECF No. 28.)

13      The minute order setting the December 2, 2010 telephonic
14 conference was returned as undeliverable [ECF Nos. 26-29].  On
15 December 2, 2010, counsel for Defendants participated in the
16 telephonic conference; Plaintiff did not.  (Mins., Dec. 2, 2010,
17 ECF No. 37.)

18      Defendants argue that Moore was on notice of the July 1, 2010
19 conference because the Court mailed its scheduling order to Moore.
20 (Mot. Dismiss Attach. #1 Mem. P. & A. 4, ECF No. 30.)  "The
21 Defendants also sent by mail an offer to facilitate the Plaintiff's
22 participation in the [July 1, 2010] telephonic Case Management
23 Conference." (Id. at 5.)  Nonetheless, Plaintiff failed to
24 participate. (Id. at 4.)  Defendants argue that local rules
25 require that "[t]he parties who have responsibility over the
26 litigation and the counsel who is responsible for the case, will be
27 present at the case management conference." (Id. at 5.)
28 //

Both the Southern District of California Local Rules and the Federal Rules of Civil Procedure allow a district court to dismiss an action for failure to comply with a court order.  Fed. R. Civ. P. 41(b); S.D. Cal. Civ. L.R. 41(b); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (holding that the court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute).  Even a pro se litigant must follow the orders of the court.  Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

Moore has failed to comply with the Court's orders requiring that he appear telephonically at the July 1, 2010 case management conference and December 2, 2010 settlement conference.  Because the orders setting the conferences were returned as "undeliverable," the Court will consider Plaintiff's failure to notify the Court of any new address in conjunction with his failure to prosecute.

**B.   Failure to Provide a Current Mailing Address**

Every litigant has an obligation to keep the Court apprised of his or her correct address.  Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).  Although courts must construe pro se pleadings liberally, a pro se litigant must follow the rules of the court. Ghazali, 46 F.3d at 54; see also Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1986).

The failure to follow a district court's local rules is a proper ground for dismissal under Federal Rule of Civil Procedure 41(b) and local rules.  See also S.D. Cal. Civ. L.R. 41.1(b); Ghazali, 46 F.3d at 53.  Civil Local Rule 83.11(b) provides, "A party proceeding pro se must keep the court and opposing parties

advised as to current address." S.D. Cal. Civ. L.R. 83.11(b). Additionally, the Court may dismiss a case when the plaintiff does not inform the Court of his current address. Id. When the clerk directs mail to a pro se plaintiff's last designated address and it is returned as undeliverable, the Court may dismiss the case for failure to prosecute, unless the plaintiff provides a current address within sixty days. S.D. Cal. Civil L.R. 83.11(b).

Plaintiff has advised the Court of a new address in the past. On August 17, 2009, Moore filed a notice of change of address. (See Mot. Dismiss Attach. #2 Ex. A, ECF No. 30.) Plaintiff was released from custody on February 4, 2010. (Id. Attach. #1 Mem. P. & A. 3 (citing id. Attach. #2 Ex. F).) On February 5, 2010, Defendants filed a notice that Plaintiff did not complete service and mailed it to the address Plaintiff provided on August 17, 2009, but Defendants' notice was returned undelivered. (Id. Attach. #2 Ex. B.) On March 10, 2010, Defendants notified the Court of Moore's failure to provide the Court with a current address. (Id. at Ex. C.) The clerk sent other court documents to Moore that were returned undelivered on June 10, July 12, and August 11, 2010 [ECF Nos. 24, 29, 32]. To date, Moore has not updated his address.

Defendants claim, "Despite his demonstrated knowledge of how to advise the Court of an address change, [citation], Plaintiff has failed to advise the Court of his current address." (Mot. Dismiss Attach. #1 Mem. P. & A. 5, ECF No. 30.) Also, they argue that this "inhibits the orderly handling of this case, prevents the Court from communicating with Plaintiff, and evidences Plaintiff's loss of interest in this case now that he is out of prison." (Id. at 4.)

1    Since the first undelivered mail was returned to the clerk on
2    June 10, 2010, more than six months have passed, and Plaintiff has
3    not updated his address.  "A party, not the district court, bears
4    the burden of keeping the court apprised of any changes in his
5    mailing address."  See Carey, 856 F.2d at 1441.  Moore's failure to
6    keep the Court and opposing counsel informed of his whereabouts
7    leaves no realistic alternative but to dismiss the action without
8    prejudice.  See S.D. Cal. Civ. L.R. 83.11(b) (permitting dismissal
9    for failure to provide current address within sixty days of mail
10   being returned undelivered); Carey, 856 F.2d at 1441.

11   **C.    Failure to Prosecute**

12   Defendants allege that Plaintiff has failed to prosecute this
13   matter, and it should be dismissed.  (Mot. Dismiss Attach. #1 Mem.
14   P. & A. 4, 6, ECF No. 30.)  They assert Moore's unreasonable delays
15   have prejudiced them.  (Id. at 4.)  "The prolonged continuation of
16   their status as individual defendants compromises their credit
17   ratings (due to the possibility of an adverse civil judgment),
18   causes emotional upset and uncertainty, prevents predictably
19   planning personal financial matters, and is fundamentally unfair."
20   (Id.)

21   A district court's authority to dismiss a plaintiff's action
22   because of his failure to prosecute is well established.  Link, 370
23   U.S. at 629; see Fed. R. Civ. P. 41(b); Moneymaker v. CoBen (In re
24   Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994).  "The power to invoke
25   this sanction is necessary in order to prevent undue delays in the
26   disposition of pending cases and to avoid congestion in the
27   calendars of the district courts."  Link, 370 U.S. at 629-30.
28   //

Moore's failure to participate in two conferences and provide the Court with a current address suggests that he has no interest in prosecuting this case.  Exhibit one to the Declaration of Nellie T. Klein shows that as of July 13, 2010, Moore's "release destination" was Rosarito, Mexico.  (Mot. Dismiss Attach. #2 Ex. F Klein Decl., ECF No. 30.)  The combination of factors is compelling evidence that Moore no longer intends to pursue this action.

In determining whether to dismiss a case for failure to prosecute, the district court should consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Moneymaker v. CoBen (In re Eisen), 31 F.3d at 1451 (citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  "A dismissal may be affirmed where 'at least four factors support dismissal, or where at least three factors strongly support dismissal.'"  Mohtadi v. Terayon Commc'ns Sys. Inc., 100 F. App'x 691, 693 (9th Cir. 2004) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).

The first and second factors support dismissal.  When analyzing the public's interest in expeditious resolution of litigation and the court's interest in docket control, the Ninth Circuit has noted, "It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of [certain] litigants."  Ferdik, 963 F.2d at 1261.  This lawsuit has been pending since April 13, 2009; Moore last acted to prosecute his

case on October 28, 2009, when he filed his First Amended Complaint (ECF Nos. 1, 12.)  Plaintiff's lack of involvement over the past year has hindered the Court's ability to efficiently manage its docket.

The third factor weighs in favor of dismissal as well.  When considering the risk of prejudice to a defendant, courts examine whether the plaintiff's actions impair the defendant's ability to prepare for trial or interfere with the rightful decision of the case.  See Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) (finding prejudice where government complied with court order in timely manner but plaintiff did not, and plaintiff's excuse was groundless).  Unless the plaintiff can give a "non-frivolous excuse for [unreasonable] delay," prejudice to defendants is presumed.  Hernandez v. City of El Monte, 138 F.3d 393, 400-01 (9th Cir. 1998); Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967-68 (9th Cir. 1978); Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Here, Defendants have consistently complied with court orders in a timely manner.  Plaintiff's absence has frustrated Defendants' ability to effectively litigate.  See Malone, 833 F.2d at 131.  They have expended time and resources defending a case that is not being litigated by Moore.  There is no evidence that rebuts the presumption that Plaintiff's unreasonable delay has prejudiced Defendants.  Hernandez, 138 F.3d at 400-01.

Another factor, a consideration of alternatives, also favors dismissal.  This factor may be satisfied by the court's use and consideration of less drastic alternatives.  See Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (discussing dismissal as a sanction for a discovery violation); see, e.g.,

09cv00767 BEN(RBB)

1  <u>Ferdik</u>, 963 F.2d at 1262 (finding alternatives employed when court

2  gave plaintiff an opportunity to avoid dismissal by amending his

3  complaint to comply with federal rules); <u>Nevijel v. North Coast</u>

4  <u>Life Ins. Co.</u>, 651 F.2d 671, 674 (9th Cir. 1981) (explaining that

5  less drastic alternatives for failing to comply with pleading rules

6  include allowing further amended complaints)  Furthermore, the

7  requirement can be satisfied by a court warning that the failure to

8  obey the court's order will result in dismissal.  <u>Valley Eng'rs</u>

9  <u>Inc.</u>, 158 F.3d at 1057; <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 F.2d

10 at 132; <u>Henderson</u>, 779 F.2d at 1424.

11     In this case, a telephonic conference was set for July 1,

12 2010, and although Plaintiff did not participate, a second

13 telephonic conference was scheduled for December 2, 2010.  (Case

14 Mgmt. Conference Order 1, June 2, 2010, ECF No. 23; Case Mgmt.

15 Conference Order 3, July 1, 2010, ECF No. 27.)  Furthermore, the

16 Court's recommendation is that Plaintiff's Amended Complaint be

17 dismissed without prejudice.  Moore is being given thirty days from

18 this Report and Recommendation to file any objections and explain

19 why his action should not be dismissed.  The Court has employed

20 alternatives less drastic than a simple dismissal.

21     Although the remaining factor, the public policy in favor of

22 resolving cases on their merits, weighs against dismissal, it may

23 be outweighed if the other factors strongly support dismissal.  <u>See</u>

24 <u>Ferdik</u>, 963 F.2d at 1263 (finding dismissal appropriate where only

25 three factors supported dismissal); <u>see also</u> <u>Valley Eng'rs Inc.</u>,

26 158 F.3d at 1057 (noting that the five-factor test provides the

27 district court with flexibility in its determination, not with

28 strict conditions precedent to dismissal).

When Plaintiff's failure to participate in this litigation is viewed as a whole, dismissal without prejudice is appropriate.

**D.    Inadequate Service of Process**

All five Defendants assert they have not properly been served in accordance with Federal Rule of Civil Procedure 4.  (Mot. Dismiss Attach. #1 Mem. P. & A. 7-9, ECF No. 30.)  Moreover, they argue that Plaintiff disregarded their notice to him of his improper service.  (Id. at 9.)  "Notice of this deficiency was filed February 5, 2010, well within the time for Plaintiff to cure the deficiency before the 120-day period expired on February 25, 2010.  However, Plaintiff did nothing."  (Id.)  Defendants claim that despite multiple court filings and Plaintiff's release from custody, Moore never corrected his defective service.  (Id. at 1.)

"[S]ervice of process is the means by which a court asserts its jurisdiction over the person."  SEC v. Ross, 504 F.3d 1130, 1138 (9th Cir. 2007) (citing Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)).  For a federal court to obtain personal jurisdiction, the Ninth Circuit requires that service of process be in "substantial compliance" with Rule 4 of the Federal Rules of Civil Procedure.  Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982).  A plaintiff is responsible for ensuring that the summons and complaint are served on each defendant within the time required by Federal Rule of Civil Procedure 4(m).  Fed. R. Civ. P. 4(c)(1).

Because Plaintiff is proceeding in forma pauperis, he is entitled to have the summons and Complaint in his case served by the United States Marshal.  Puett v. Blandford, 912 F.2d 270, 273 (9th Cir. 1990) (citing Romandette v. Weetabix Co., 807 F.2d 309, 310 n.1 (2d Cir. 1986); see also Fed. R. Civ. P. 4(c)(2)(B)(I).

12

The "officers of the court shall issue all service of process."  28

U.S.C. § 1915(a)(1).  "Although a plaintiff . . . proceeding in

forma pauperis may rely on service by the Marshal, such plaintiff

'may not remain silent and do nothing to effectuate such service;'

rather, '[a]t a minimum, a plaintiff should request service upon

the appropriate defendant and attempt to remedy any apparent

defects of which [he] has knowledge.'"  Jenkins v. Caplan, No. C

02-5603 RMW (PR), 2009 U.S. Dist. LEXIS 11275, at *11 (N.D. Cal.

Feb. 13, 2009) (quoting Rochon v. Dawson, 828 F.2d 1107, 1110 (5th

Cir. 1987)).  A plaintiff proceeding in forma pauperis may face

dismissal where he fails to instruct the United States Marshal to

serve the necessary parties.  See Walker v. Sumner, 14 F.3d 1415,

1422 (9th Cir. 1994) (overruled on other grounds by Sandin v.

Connor, 515 U.S. 472 (1995)).

### 1.   Federal Rule of Civil Procedure 4(i) -- Serving the United States and Its Agencies, Corporations, Officers, or Employees

Defendants claim Plaintiff's service was inadequate because he

did not comply with Rule 4(i) of the Federal Rules of Civil

Procedure.  (Mot. Dismiss Attach. #1 Mem. P. & A. 8, ECF No. 8.)

Specifically, Defendants Lacy and McFadden, sued in their official

capacity, assert Plaintiff did not serve a copy of the summons and

Amended Complaint on the United States Attorney or the Attorney

General of the United States.  (Id. (citing Fed. R. Civ. P.

4(i)(1).)  Defendant Lacy also contends that "[p]artial service on

[her] under Rule 4(d) was incorrect and incomplete."  (Id. (citing

Waiver Serv. Returned Executed Debra Lacy [ECF No. 19]).)  McFadden

claims he, too, was never served because the summons was returned

because the address was invalid.  (Id. (citing Summons Returned

Unexecuted Robert F. McFadden [ECF No. 15]).)  Defendants Jarnecke
and Woods argue that Moore attempted to serve each of them by mail,
but the corresponding summonses were returned for invalid
addresses.  (Id. (citing Waiver Serv. Returned Unexecuted R.D.
Woods [ECF No.16]; Waiver Serv. Returned Unexecuted Paula M.
Jarnecke [ECF No. 17]).)  Lastly, Defendant Villasenor alleges
Moore never served the United States Attorney or the Attorney
General of the United States, and he complains that "partial
service" on him was "incorrect and incomplete" under Federal Rule
of Civil Procedure 4(d).  (Id. (citing Waiver Serv. Returned
Executed Villasenor [ECF No. 18]).)

Under Bivens, a plaintiff can bring an action for money
damages against "federal agents acting under color of their
authority for injuries caused by their unconstitutional conduct."
Vaccaro v. Dobre, 81 F.3d 854, 856 (9th Cir. 1996) (citing Bivens,
403 U.S. 388).  To serve a federal officer or employee sued only in
an official capacity, the party must "serve the United States and
also send a copy of the summons and of the complaint by registered
or certified mail to the [officer or employee]."  Fed. R. Civ. P.
4(i)(2).  Effective service on a federal officer or employee who is
sued in an individual capacity for conduct relating to duties
performed on behalf of the United States, regardless of whether he
is also sued in an official capacity, requires that the party
"serve the United States and also serve the officer or employee
under Rule 4(e), (f), or (g)."  Fed. R. Civ. P. 4(i)(3).

Rule 4(i) of the Federal Rules of Civil Procedure provides the
manner in which a plaintiff must effect service of process when
suing the United States.  The plaintiff must deliver a copy of the

14

summons and complaint to (1) the United States attorney for the district in which the action is brought, (2) send the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C., and (3) if a non-party agency ruling is challenged, send the summons and complaint to the agency that took the complained of actions.  Fed. R. Civ. P. 4(i)(1)(A)-(C), (2).

The Ninth Circuit has concluded that service upon the United States is not necessary in a _Bivens_ action.  _Vaccaro_, 81 F.3d at 856-57.  In _Vaccaro_, the court held that although plaintiff did not serve the United States Attorney or the Attorney General, service was nonetheless sufficient because plaintiff had not sued the United States; rather, he had "sued its officers as individuals, not in their official capacity."  _Id._ at 856.  The court reasoned that, by definition, _Bivens_ claims are brought against defendants in their individual capacities.  _Id._ at 856-57.  "'[A] _Bivens_ action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity[.]'"  _Id._ at 857 (quoting _Daly-Murphy v. Winston_, 837 F.2d 348, 355 (9th Cir. 1988); _see_ _FDIC v. Mayer_, 510 U.S. 471, 484-86 (1994) (refusing to expand the scope of liability under _Bivens_ from individual federal agents to actions against federal agencies); _Logan v. United States_, No. 96-55042, 1996 U.S. App. LEXIS 32872, at *3 (9th Cir. Dec. 6, 1996); _Mayben v. Barnes_, 290 F. Supp. 2d 1169, 1172-73 (E.D. Cal. 2003); _see also_ _Cato v. United States_, 70 F.3d 1103, 1110 (9th Cir. 1995) (concluding that "no _Bivens_-type claim" may be asserted against the United States).

//

15

Moore brought this <u>Bivens</u> action against Defendants Lacy and McFadden only in their official capacities. (Am. Compl. 1-2, ECF No. 12.) He directed his allegations against Jarnecke, Woods, and Villasenor in both their individual and official capacities. (<u>Id.</u> at 2.) Claims against these Defendants in their official capacities were improperly asserted. <u>See</u> <u>Vaccaro</u>, 81 F.3d at 856-57 (explaining that in a <u>Bivens</u> action plaintiff can only sue the officers in their individual capacities); <u>see also</u> <u>Morgan v. United States</u>, 323 F.3d 776, 780 n.3 (9th Cir. 2003) (holding that plaintiff cannot assert <u>Bivens</u> claim against defendants in their official capacities); <u>Wheeler v. United States Dep't of Educ.</u>, No. 1:09-CV-01631-LAO-SMS, 2010 U.S. Dist. LEXIS 72399, at *6 (E.D. Cal. July 19, 2010) (same); <u>Pinson v. Norwood</u>, No. EDCV 08-0660-AHS (JTL), 2008 U.S. Dist. LEXIS 95082, at *9-10 (C.D. Cal. Nov. 21, 2008) (concluding that plaintiff's <u>Bivens</u> allegations against defendants in their official capacities were improper when defendants were sued in both their individual and official capacities).

A <u>Bivens</u> claim for damages cannot be asserted against Defendants Lacy and McFadden for acts performed in their official capacities. The provisions of Rule 4(i)(2) do not apply to service on them. Because Moore's <u>Bivens</u> allegations against Jarnecke, Woods, and Villasenor can only be brought against them as individuals, Plaintiff was not required to serve the government under Federal Rule of Civil Procedure 4(i). <u>Vaccaro</u>, 81 F.3d at 856-57; <u>Mayben</u>, 290 F. Supp. 2d at 1174-75.

//

//

16

2.   **Federal Rule of Civil Procedure 4(e) -- Serving an Individual**

In a <u>Bivens</u> suit, plaintiffs must comply with Rule 4(e), not Rule 4(i), to effect service.  <u>Wannsee Lao v. Ashcroft</u>, No. C 08-2776 P.H., 2009 U.S. Dist. LEXIS 23741, at *21 (N.D. Cal. Mar. 11, 2009); <u>see also</u> <u>Vaccaro</u> 81 F.3d at 856 (finding service sufficient when correctional officers and physicians named as defendants were served, but not the United States Attorney and Attorney General); <u>Callas v. United States Postal Serv.</u>, No. C 06-00006 SBA, 2006 U.S. Dist. LEXIS 90734, at *15 (N.D. Cal. Dec. 1, 2006).  "Because <u>Bivens</u> claims may be asserted only against federal officials in their individual capacity, plaintiff is required to serve [Defendant] personally, in accordance with the rules for individual service . . . ."  <u>Wannsee Lao</u>, 2009 U.S. Dist. LEXIS 23741, at *21; <u>see</u> <u>Vaccaro</u> 81 F.3d at 856; <u>Callas</u>, 2006 U.S. Dist. LEXIS 90734, at *15.  Under Federal Rule of Civil Procedure 4(e)(2), service can be accomplished by delivering a copy of the summons and complaint to the individual personally or by leaving copies at the individual's residence.

Moore did not serve Defendants Jarnecke or Woods in accordance with Federal Rule of Civil Procedure 4(e).  The summonses for them were returned unexecuted because neither Defendant was located at the address listed on the summons [ECF Nos. 16, 17].

Defendants Lacy and Villasenor state that partial service on them was "incorrect and incomplete" under Federal Rule of Civil Procedure 4(d), which pertains to "waiving service."  (Mot. Dismiss Attach. #1 Mem. P. & A. 8, ECF No. 30.)  They do not explain why service was deficient and do not argue that service was not in

17

substantial compliance with Rule 4(d).  (Id.); see Jackson, 682
F.2d at 1347.  Defendants' Notice of Failure to Complete Service on
Any Defendant also does not explain why Lacy's and Villasenor's
waiver forms were "incorrect"; rather, it states that service was
incomplete because Plaintiff failed to also serve the United States
[ECF No. 20].

Rule 4(d) of the Federal Rules of Civil Procedure requires
that the notice and request for waiver (1) be in writing and
addressed to the defendant, (2) name the court where the complaint
was filed, (3) be accompanied by the complaint, copies of a waiver
form and a prepaid means of return, (4) inform the defendant of
consequences of waiver, (5) include the date the request was sent,
(6) give defendant a at least 30 days to return the waiver, and (7)
be sent by first-class mail or other reliable means.

The docket shows that Villasenor's waiver of service was
returned executed.  (See Waiver Serv. Returned Executed Villasenor,
ECF No. 18.)  The Court's docket reflects: "WAIVER OF SERVICE
Returned Executed by Thomas A Moore.  Villasenor waiver sent on
11/17/2009, answer due 1/19/2010."  (Id.)  Moreover, the actual
waiver form that the United States Marshals Service mailed to
Villasenor at the correctional facility states the following:
"11/17/09 - Mailed [summons] & [complaint] to M.C.[.]  1/22/10 -
Received Waiver of Service of Summons.  Copy to Court & Plaintiff."
(Id. at 1.)  Defendant Villasenor signed and dated that waiver of
service of summons form.  (Id. at 2.)  Villasenor has not shown why
his waiver of service should be disregarded.  His contention that
he was improperly served is not convincing.
//

18

1   Likewise, the docket shows that Lacy executed a waiver of

2   service.  (See Waiver Serv. Returned Executed USMS, ECF No. 19.)

3   Lacy also signed and dated the waiver form.  (Id.)  She has not

4   demonstrated why her waiver of service is ineffective.

5   Accordingly, Plaintiff has not completed personal service on

6   Defendants Jarnecke and Woods, and formal service on Lacy and

7   Villasenor has been waived.

8   **3.   Federal Rule of Civil Procedure 4(m) -- Time Limit for
         Service**

9

10   A plaintiff has 120 days from the date a complaint is filed

11   within which to serve the defendant.  Fed. R. Civ. P. 4(m).  "If

12   service of the summons and complaint is not made upon a defendant

13   within 120 days after the filing of the complaint, the court, upon

14   motion or on its own initiative after notice to the plaintiff,

15   shall dismiss the action without prejudice as to that defendant or

16   direct that service be effected within a specified time."  Id.; see

17   Brunette v. Barbette, 923 F.2d 754, 757 (9th Cir. 1991) (affirming

18   dismissal of complaint for failure to timely serve the summons and

19   complaint); Tensile v. County of Contra Costa, 820 F.2d 319, 320

20   (9th Cir. 1987).

21   Plaintiff had 120 days from October 26, 2009, the date the

22   Amended Complaint was filed, to serve every Defendant.  Fed. R.

23   Civ. P. 4(m).  As noted above, Moore did not properly serve

24   Jarnecke and Woods in accordance with Federal Rule of Civil

25   Procedure 4(e).  Moore was unable to serve McFadden by mail or

26   personally [ECF No. 15].  More than one year has elapsed since the

27   Amended Complaint was filed.  Thus, Moore has not complied with

28   Federal Rule of Civil Procedure 4(m).

19

Nonetheless, the Court must extend the 120-day time period for service of process if the plaintiff can show "good cause" why service was not made within that time.  Fed. R. Civ. P. 4(m); see S.D. Cal. Civ. L.R. 4.1(a); Mann v. American Airlines, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003) (citing Henderson v. United States, 517 U.S. 654, 662 (1996); Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007).  The plaintiff bears the burden of establishing good cause.  See Fed. R. Civ. P. 4(m).  "At a minimum, 'good cause' means excusable neglect.  A plaintiff may also be required to show the following:  (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  Brunette, 923 F.2d at 756 (citing Hart v. United States, 817 F.2d 78, 80-81 (9th Cir. 1987)).  "[I]nadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service."  Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992); Tensile, 820 F.2d at 320.  Additionally, a plaintiff's status as an unrepresented party does not, by itself, establish good cause.  Brunette, 923 F.2d at 757.

After Moore filed the Amended Complaint, he made some effort to serve the summons and Amended Complaint on the Defendants within the 120-day limit.  He attempted to effect service on each Defendant one time.  The docket shows Lacy and Villasenor waived service.  Activity regarding attempted service of the summonses spanned from November 9, 2009, to January 26, 2010 [ECF Nos. 14-19].  Since then, however, Moore has not prosecuted the case.  He failed to participate in two court-ordered conferences and did not

provide the Court with a current mailing address.  Plaintiff has
not opposed this Motion and has not requested an extension of time
to serve the three Defendants who have not waived service.

But even without good cause, a court has the discretion to
grant an extension.  Mann, 324 F.3d at 1090 n.2; Oyama v. Sheehan,
253 F.3d 507, 513 (9th Cir. 2001) (citation omitted) ("Courts have
discretion under Rule 4(m), absent a showing of good cause, to
extend the time for service or to dismiss the action without
prejudice[]"); Efaw, 473 F.3d at 1040.  When deciding whether to
grant a discretionary extension of time, "a district court may
consider factors 'like a statute of limitations bar, prejudice to
the defendant, actual notice of a lawsuit, and eventual service.'"
Efaw, 473 F.3d at 1041 (quoting Troxell v. Fedders of N. Am., Inc.,
160 F.3d 381, 383 (7th Cir. 1998)).

Here, the facts do not weigh in favor of granting a
discretionary extension of time.  Plaintiff has not responded to
Defendants' Motion and has not offered any explanation for his
failure to properly serve McFadden, Jarnecke, and Woods.

Moore was released from custody of the Federal Bureau of
Prisons on February 4, 2010.  (Id. Attach. #1 Mem. P. & A. 3
(citing id. Attach. #2 Ex. F.)  Prior to that date, Plaintiff was
actively pursuing this action.  He filed for in forma pauperis
status, requested leave to amend his Complaint, moved for an
extension of time to amend, and notified the Court of a change to
his mailing address [ECF Nos. 2, 3, 8, 10, 12].  The last document
Plaintiff filed was his Amended Complaint, which was filed on
October 26, 2009; he was released from custody approximately three
months later.  (See id.)  Since then, both the Clerk of Court and

defense counsel have been unable to deliver court-related documents to Plaintiff by mail.  Without some indication that Moore intends to pursue his claims, the record suggests that he lost interest in the matter when he was released from custody.  Plaintiff's failure to oppose Defendants' Motion to Dismiss weighs against any suggestion that the Court should unilaterally grant an extension of time to serve these Defendants.

Defendants' Motion to Dismiss because of Moore's failure to complete service on the Defendants should be granted as to Defendants McFadden, Woods, and Villasenor, but the Motion should be denied as to Defendants Lacy and Jarnecke.

### III.  CONCLUSION

Moore has not provided the Court with a current mailing address, in violation of the local rules.  Other than filing his First Amended Complaint on October 28, 2009, he has done nothing to prosecute this action in the last thirteen months.  Furthermore, Plaintiff's failure to attend the July 1, 2010 case management conference and the December 1, 2010 telephonic conference was in violation of the Court's orders.  Moore's failure to prosecute warrants dismissal under Federal Rule of Civil Procedure 41(b) and S.D. Cal. Civ. L.R. 41.1, 83.11(b).  Defendants' Motion to Dismiss should be **GRANTED**, and the Amended Complaint should be **DISMISSED** without prejudice.

In addition, Moore has failed, without good cause, to effectuate proper service on Defendants McFadden, Jarnecke, and Woods within the 120-day time period proscribed in Federal Rule of Civil Procedure 4(m), and there are no circumstances that would justify an extension of time to serve them.  Their Motion to

1  Dismiss for failure to properly serve them should be **GRANTED.**

2  Defendants Lacy and Villasenor's Motion to Dismiss for failure to

3  properly serve them should be **DENIED**.

4       This Report and Recommendation will be submitted to the United

5  States District Court judge assigned to this case, pursuant to the

6  provisions of 28 U.S.C. § 636(b)(1).  Any party may file written

7  objections with the Court and serve a copy on all parties on or

8  before January 14, 2011.  The document should be captioned

9  "Objections to Report and Recommendation."  Any reply to the

10 objections shall be served and filed on or before January 28, 2011.

11 The parties are advised that failure to file objections within the

12 specified time may waive the right to appeal the district court's

13 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

14      **IT IS SO ORDERED.**

15

16 DATED: December 17, 2010

17                                        Ruben B. Brooks
                                          United States Magistrate Judge

18 cc:  Judge Benitez
        All parties of record

19

20

21

22

23

24

25

26

27

28